# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARION MARGARET
FORTE,

          Plaintiff,

v.                                                                                          Case No. 8:23-cv-2792-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

          Defendant.

## OPINION AND ORDER[2]

### I.   Status

Marion Margaret Forte ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "osteoporosis, back and neck pain, fatigue, fractures, spondylolisthesis, bilateral neural foramina narrowing, dizziness, shortness of breath, balance

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

issues, foot issues, right hip pain, edema, Carpal Tunnel Syndrome, depression, skin carcinoma, dysphagia, anemia, [] attention deficit hyperactivity disorder," "high cholesterol, fractures, [and] disc disease." Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed February 8, 2024, at 70, 76, 212. Plaintiff protectively filed an application for DIB on February 10, 2020, alleging a disability onset date of January 10, 2019.[3] Tr. at 186-92. The alleged disability onset date was later amended to April 10, 2019. Tr. at 193-94. The application was denied initially, Tr. at 69, 70-74, 93-96, and upon reconsideration, Tr. at 75, 76-85, 104-07.[4]

On May 9, 2023, an Administrative Law Judge ("ALJ") held a hearing,[5] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 40-68. On June 6, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 18-32.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 5-6 (Appeals Council exhibit list and order), 183-85 (request

---

[3] Although actually completed on February 12, 2021, see Tr. at 186, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as February 10, 2020, see, e.g., Tr. at 70, 76.

[4] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] The hearing was held via telephone, with Plaintiff's consent. Tr. at 42, 151-52.

for review). On October 20, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On December 7, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges whether the ALJ erred in: 1) posing a hypothetical to the VE that assumed Plaintiff could stand and walk each about four hours but finding in the residual functional capacity ("RFC") that she could only stand and walk four hours total; 2) finding Plaintiff could perform semi-skilled work at level SVP 3; 3) determining Plaintiff's past relevant work; 4) failing to account for Plaintiff's mild mental functional limitations in the RFC; and 5) circumventing the Medical Vocational Guidelines (Grids). Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 15; "Pl.'s Mem."), filed March 7, 2024, at 1-2; see id. at 6-9 (issue one), 9-12 (issue two), 12-16 (issue three), 16-23 (issue four), 23-31 (issue five). On June 5, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem.") addressing Plaintiff's arguments. Plaintiff on June 12, 2024 filed Plaintiff's Reply Brief (Doc. No. 23; "Reply").

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of

Plaintiff's RFC and the hypothetical to the VE (issue one). On remand, this reconsideration may impact the Administration's consideration of the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.  The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 20-32. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 10, 2019, the alleged onset date." Tr. at 21 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease; osteoporosis with vertebral compression fractures; degenerative joint disease of the bilateral thumbs; and emphysema." Tr. at 21 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 23 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently; can stand and walk for about 4 hours, and sit for about 6 hours in an 8 hour workday with normal and customary breaks; must avoid climbing of ladders, ropes, and scaffolds; can frequently climb ramps; can occasionally climb stairs; can frequently balance; can occasionally stoop, kneel,

> and crouch; cannot crawl; can frequently reach, handle, and finger; can occasionally reach overhead; must avoid concentrated exposure to extreme cold, excessive vibration, noxious fumes, and all use of hazardous machinery and exposure to unprotected heights.

Tr. at 23 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is capable of performing past relevant work" as a "nursing service director" and a "nurse supervisor." Tr. at 30 (some emphasis and citation omitted). The ALJ then made alternative findings at step five. Tr. at 31-32. After considering Plaintiff's age ("54 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date" with a "subsequently changed age category to advanced age"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are other jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform," such as "Unit clerk" and "Companion." Tr. at 31-32 (citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from April 10, 2019, through the date of th[e D]ecision." Tr. at 32 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported

by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff challenges the RFC and the hypothetical to the VE, arguing that a discrepancy in the two is material and resulted in a Decision that is not supported by substantial evidence. Pl.'s Mem. at 6-9.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

An ALJ poses a hypothetical question to a VE as part of the step-five determination of whether the claimant can obtain work in the national economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. Brunson v. Astrue, 850 F. Supp.

2d 1293, 1303 (M.D. Fla. 2011) (quoting <u>Corbitt v. Astrue</u>, No. 3:07-cv-518-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished)).

Here, the RFC in the written Decision, as relevant, stated that Plaintiff could "stand and walk for about 4 hours, and sit for about 6 hours in an 8 hour workday with normal and customary breaks." Tr at 23 (emphasis omitted). By contrast, the ALJ at the hearing presented the following hypothetical to the VE: "this person can . . . stand and walk <u>each</u> about 4 hours, sitting for about 6 hours, with normal and customary breaks in an 8-hour workday." Tr. at 63.

Plaintiff argues the discrepancy is material, and she should be limited to sedentary, as opposed to light, work (with additional restrictions). Pl.'s Mem. at 6-9. Thus, argues Plaintiff, the ALJ's ultimate Decision, containing the RFC finding, is unsupported by substantial evidence. <u>Id.</u> at 9. Responding, Defendant concedes the RFC finding is more restrictive than the hypothetical presented to the VE. Def.'s Mem. at 8. Nevertheless, Defendant argues that the VE's testimony still supports the ALJ's step four finding that Plaintiff can perform her past relevant work as a nursing service director. <u>Id.</u> at 8.

The undersigned concludes that judicial review is frustrated, and the matter must be reversed and remanded for clarification. This discrepancy between the RFC and the hypothetical to the VE is material to not only the question of Plaintiff's actual RFC, but also to the question of whether Plaintiff can perform her past relevant work and to other issues raised by Plaintiff in

this appeal. Defendant contends, without explanation, that the VE's testimony supports a finding that Plaintiff can perform her past relevant work. Def.'s Mem. at 8 (citing Tr. at 47, 63-64). Defendant merely cites the VE's testimony indicating that the work as a nursing service director is "sedentary physical demand," as well as testimony, in response to the hypothetical allowing standing and walking four hours each, indicating Plaintiff can perform that job as "generally performed, but not as she performed them." Id. (citing Tr. at 47, 63-64). Again, judicial review is frustrated here because the Court cannot determine—regardless of how the past work was characterized—if the VE's testimony would stand with the more restrictive RFC.

## V.  Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider Plaintiff's RFC and repose a hypothetical to the VE consistent with that RFC;

(B) If necessary, consider Plaintiff's other arguments on appeal; and

  (C) Take such other action as may be necessary to resolve this claim properly.

  2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 25, 2025.

                *James R. Klindt*
                JAMES R. KLINDT
               United States Magistrate Judge

kaw
Copies:
Counsel of Record