**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARION MARGARET FORTE,

      Plaintiff,

v.                                                                      Case No. 8:23-cv-2792-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.

_____

**O R D E R**

This cause is before the Court on Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. No. 28; "Petition"), filed June 11, 2025. In the Petition and supporting filings, Plaintiff seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $13,224.01 and paralegal fees in the amount of $24.00. Petition at 1-3; see also Affidavit of Plaintiff's Counsel (Doc. No. 28-1; "Affidavit") at 17-19. Defendant opposes the relief requested. See Commissioner's Objection to Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. No. 30;

---

[1]      Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

"Response"), filed June 18, 2025. On June 25, 2025, Plaintiff's Reply to the Response (Doc. No. 31; "Reply") was filed.

Defendant opposes the Petition on multiple grounds, arguing: 1) Defendant's position in defending the action was substantially justified; 2) the time spent on this matter by Plaintiff's attorneys was excessive; 3) one of Plaintiff's attorneys spent a total of 0.6 hours doing clerical work which is not compensable under the EAJA; and 4) the requested $24.00 for paralegal work is not compensable because it was also clerical work. Response at 4-7. The first argument is addressed separately, followed by the last three together.

## A. Position Substantially Justified

As background, the Court on March 25, 2025 reversed and remanded the Commissioner's final decision because of a material discrepancy between the residual functional capacity ("RFC") in the Administrative Law Judge's ("ALJ('s)") written Decision and the hypothetical that was presented to the vocational expert ("VE"). Opinion and Order (Doc. No. 25). Defendant contends his position in defending the action was substantially justified because "it was reasonable, both in law and in fact, for Defendant to argue that Plaintiff remained capable of performing work, such as her past relevant work." Response at 5. "Moreover," argues Defendant, "the Court did not remand this case for an award of benefits, and it still may be the case that the ALJ was correct to find that Plaintiff could perform her past relevant work, regardless of

2

whether she had the RFC described in the hypothetical to the [VE] or the RFC included in the written decision." [2] Id. Responding, Plaintiff contends Defendant's position was not substantially justified at either the administrative or judicial level, reiterating the substantive arguments she made to this Court in contesting Defendants final decision in the first instance. Reply at 2-3. Of note, Plaintiff points out that she made five arguments in seeking to have the matter reversed and remanded, and the Court only addressed one of them in determining that the ALJ had erred, necessitating remand for reconsideration of all arguments if appropriate. Id.

The EAJA states in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses. . . incurred by that party in any civil action. . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[2] Defendant takes somewhat inconsistent positions in the Response on the "substantially justified" contention. If his argument in this regard were accepted, it would result in a denial of the Petition in its entirety. Yet, in the decretal of the Response, Defendant asks for the Petition to "be denied in part and that Plaintiff be granted only fees responsibly expended." Response at 7. Plaintiff seeks for the Court to find that Defendant has abandoned the "substantially justified" argument because of the request in the decretal. Reply at 2. The Court instead addresses the argument substantively.

3

28 U.S.C. § 2412(d)(1)(A). Further, "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought." Id. § 2412(d)(1)(B). The United States bears the burden of showing its position was substantially justified. White v. United States, 740 F.2d 836, 839 (11th Cir. 1984) (citations omitted); see also Monroe v. Comm'r of Soc. Sec. Admin., 569 F. App'x 833, 835 (11th Cir. 2014) (citation omitted). "To be 'substantially justified' under the EAJA, the government's position must be 'justified to a degree that could satisfy a reasonable person.'" Monroe, 569 F. App'x at 834 (quoting Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158 n.6 (1990)). "Thus, the government's position must have a 'reasonable basis both in law and fact.'" Id. (quoting Reese v. Sullivan, 925 F.2d 1395, 1396 (11th Cir. 1991)).

Here, Defendant has not met his burden of showing his position was substantially justified. In ordering reversal and remand of the Decision to deny disability insurance benefits, the undersigned found judicial review was frustrated; reversible error had occurred with respect to a material conflict between the ALJ's assigned RFC in the written Decision and the hypothetical that was presented to the VE. See generally Opinion and Order (Doc. No. 25). In light of this error, the undersigned did not substantively address the remaining issues on appeal. See id. at 3-4. Instead, the undersigned found that reconsideration of the RFC and hypothetical to the VE may impact the other

4

issues on appeal and, if necessary, the Administration on remand should address the remaining issues. See id. at 3-4, 11.

In defending the Commissioner's final decision, Defendant conceded that the ALJ's RFC finding was more restrictive than the hypothetical presented to the VE. See id. at 9 (citing Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem.")). Given that an RFC, and by extension, a hypothetical to a VE, must contain all limitations imposed by an individual's impairments, the discrepancy constituted error on the part of the ALJ. See, e.g., SSR 96- 8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984).

As for the ALJ's error, the undersigned found:

> Th[e] discrepancy between the RFC and the hypothetical to the VE is material to not only the question of Plaintiff's actual RFC, but also to the question of whether Plaintiff can perform her past relevant work and to other issues raised by Plaintiff in this appeal. Defendant contends, without explanation, that the VE's testimony supports a finding that Plaintiff can perform her past relevant work. Def.'s Mem. at 8 (citing Tr. at 47, 63-64). Defendant merely cites the VE's testimony indicating that the work as a nursing service director is "sedentary physical

> demand," as well as testimony, in response to the hypothetical allowing standing and walking four hours each, indicating Plaintiff can perform that job as "generally performed, but not as she performed them." Id. (citing Tr. at 47, 63-64). Again, judicial review is frustrated here because the Court cannot determine—regardless of how the past work was characterized—if the VE's testimony would stand with the more restrictive RFC.

Opinion and Order at 9-10.

Defendant did not explain his conclusory argument on appeal that the VE's testimony supposedly supported a finding that Plaintiff could perform her past relevant work. On the record and the parties' arguments, the Court could not determine whether the VE's testimony would be affected if the more restrictive RFC in the written Decision had been included in the hypothetical. Defendant's position was not substantially justified.

## B.    Reasonableness of Hours Expended and Clerical Work

According to the Petition and supporting documentation, Plaintiff's counsel expended a total of 50.80 hours in the representation of Plaintiff before the Court. Petition at 3; Affidavit at 17-19. [3] Defendant contests the

---

[3]    Plaintiff requests an hourly rate of $246.25 for 2023, $251.84 for 2024, and $256.25 for 2025, Petition at 3, figures that Defendant does not contest. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition, the Court concludes an increase in inflation does justify a proportionate increase in attorneys' fees, and the hourly figures requested by Plaintiff are reasonable. See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited April 2, 2026). In computing the hourly rate adjustment for the cost

6

reasonableness of 8.3 hours expended in preparing a preliminary draft of the brief, arguing that it was unreasonable to expend these hours and 12.3 more hours of revision work on the brief. Response at 5-6. Plaintiff, responding, argues "the relevant question is whether the total time spent preparing the brief (20.6 hours) was reasonable, not whether some of the time was spent prior to [revision work]." Reply at 5. Plaintiff also contends that the length of the transcript (2292 pages) and the five issues identified required the hours expended. Id. at 6.

As for the clerical work arguments, Defendant identifies 0.6 attorney hours, plus the claimed 0.4 hours ($24.00) of paralegal work, that is clerical in nature and therefore not compensable. Response at 6-7. Responding, Plaintiff contends all of the time expended in this regard by the lawyers was for reviewing orders (and one case assignment by the Clerk) and was not clerical in nature. Reply at 6. As for the paralegal work, Plaintiff does not set forth any argument about it. See id. at 7.

"'[E]xcessive, redundant or otherwise unnecessary' hours should be excluded from the amount claimed." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting Hensley v.

---

of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

Echerhart, 461 U.S. 424, 434 (1983)).  To that end, it is important that fee applicants "exercise 'billing judgment,'" meaning "that the hours excluded are those that would be unreasonable to bill a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Id. (quoting Hensley, 461 U.S. at 434). Moreover, clerical work is part of unrecoverable overhead expenses. See, e.g., Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) (citation omitted).

Here, taking into account the unique facts of the case, the issues presented on appeal, and the many other fee requests with which the undersigned has been presented in these types of cases, the undersigned finds that the overall amount of time expended was somewhat excessive. This Petition represents a very high number of overall hours (50.80). Although the transcript was relatively large, there were no particularly novel legal issues presented. Thus, a reduction of 7 hours is warranted. The undersigned multiplies that 7 hours by the lowest hourly rate requested by Plaintiff, $246.25, for a reduction of $1,723.75.

As for the alleged clerical nature of the contested tasks, the undersigned finds that reviewing orders (and a case assignment by the Clerk) is not clerical in nature. Indeed, the Court expects attorneys to review all orders that are entered. However, the paralegal performed filing work. See Affidavit at 18. This

time is clerical and not compensable. The requested $24.00 for paralegal time is also due to be deducted.

In sum, from the requested total of $13,248.01 ($13,224.01 in attorney time plus $24.00 in paralegal time), the Court deducts a total of $1,747.75 ($1,723.75 as excessive and $24.00 as clerical). This leaves $11,500.26 to be awarded as attorneys' fees pursuant to the EAJA.

### C. Assignment of Fees

Plaintiff has assigned her rights to any entitlement of attorneys' fees due under the EAJA to her counsel. See Petition at 3; Attorney Fee Contract for Social Security Benefits (Doc. No. 28-2). Regarding the assignment, Plaintiff represents the following:

> [A]fter the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Petition at 3.

Upon due consideration, it is

**ORDERED**:

1.    Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. No. 28) is **GRANTED in part, and DENIED in part**.

9

2.      The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorneys' fees in the amount of $11,500.26 pursuant to 28 U.S.C. § 2412(d).

3.      The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on April 6, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

10